UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENN-STAR INSURANCE COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> GORSI BROTHERS FARM LABOR SERVICE, et al., <br><br> Defendants. | Case No. 2:23-cv-01663-DAD-CSK <br><br> FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT <br><br> (ECF No. 35) |

Pending before the Court is Plaintiff Penn-Star Insurance Company, Inc.'s motion for default judgment pursuant to Federal Rules of Civil Procedure 55(b)(2). (ECF No. 35.)[1] This motion was set for hearing for June 4, 2024. (ECF No. 38.) Defendants Gorsi Brothers Farm Labor Service, Omer Daraz Gorsi, Hernan Pavonordaz, Erika Vargas, individually and as heir to Stephanie Marie Gonzalez, Arsenio Nicolas Gonzalez, as heir to Stephanie Marie Gonzalez, Jorge Andres Yanez-Perez, Amrit Kaur Kooner, and Narinder Kaur did not file a response to the motion, nor have they appeared in this case in any way. As a result, on May 10, 2024, Plaintiff's motion was taken under submission without argument pursuant to Local Rule 230(c) and (g). (ECF No. 39.) For the reasons

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 302(c)(19).

stated below, the Court recommends Plaintiff's motion for default judgment be GRANTED, and that judgment be entered in favor of Plaintiff.

## I. BACKGROUND

### A. Factual Background

Plaintiff alleges it issued a commercial general-liability insurance policy to Defendant Gorsi Brothers Farm Labor Service and that the policy was effective October 13, 2018 to October 13, 2019. Compl. ¶ 14. The policy was subject to several exceptions and exclusions as to its commercial general liability coverage which were expressly identified in the contract. *Id*. ¶¶ 15-16. One such exclusion identified as the "Auto Exclusion" provided that the policy did not cover "bodily injury" or "property damage" arising from the "ownership, maintenance or use by any person or entrustment to others, of any [] 'auto'." *Id*. ¶ 16. The exclusion also applied "even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the 'occurrence' which caused the 'bodily injury' or 'property damage' involved an [] 'auto'[.]" *Id.*

Plaintiff alleges that on June 30, 2019, a multi-vehicle accident occurred on State Route 99 in Sutter County. Compl. ¶ 13. In the course and scope of his employment with Defendants Gorsi Brothers Farm Labor Service and Pavonordaz, Defendant Omer Daraz Gorsi was driving a Ford F-250 truck owned by Defendant Hernan Pavonordaz. *Id.* While driving, Defendant Omer Daraz Gorsi struck Defendant Jorge Andres Yanez-Perez and Stephanie Marie Gonzalez' vehicle from behind, causing Defendant Jorge Andres Yanez-Perez to strike Defendants Narinder Kaur and Amrit Kaur Kooner's vehicle. *Id.* Defendants Jorge Andres Yanez-Perez, Narinder Kaur and Amrit Kaur Kooner were injured, and Stephanie Marie Gonzalez was killed. *Id.*

### B. Procedural Background

Two lawsuits have been filed in Sutter County Superior Court concerning this multi-vehicle accident: *Kooner, et. al. v. Gorsi, et. al.*, Case No. CVCS21-0001098 and *Vargas, et. al. v. Gorsi Brothers Farm Labor Service, et. al*, Case No. CVCS21-0001080,

which have been consolidated and are proceeding under the *Vargas* action. Compl. ¶ 12. Defendants Erika Vargas, Arsenio Nicolas Gonzalez, Jorge Andres Yanez-Perez, Amrit Kaur Kooner, and Narinder Kaur have demanded Plaintiff pay its $1 million policy limit to settle their claims in the consolidated state action. *Id*. ¶ 10. Plaintiff alleges it has disclaimed any duty to defend or indemnify any insured under its policy in the consolidated state action based on the policy's Auto Exclusion excluding coverage for all the claims. *Id*. ¶ 17.

Plaintiff filed the instant Complaint in federal court on August 10, 2023, seeking declaratory relief pursuant to 28 U.S.C. § 2201. Compl. ¶¶ 20-35. Plaintiff asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id*. ¶ 12. Plaintiff served the summons, Complaint, and other related case opening documents on all defendants. (ECF Nos. 7-13, 30.) Defendant Gorsi Brothers Farm Labor Service's authorized agent for service of process was personally served on September 19, 2023. (ECF No. 8.) Defendants Amrit Kaur Kooner, Narinder Kaur, Omer Daraz Gorsi, Erika Vargas, and Jorge Andres Yanez-Perez were each personally served on September 19, 2023. (ECF Nos. 7, 9-12.) Defendant Hernan Pavonordaz was personally served on October 25, 2023. (ECF No. 13.) Defendant Arsenio Nicolas Gonzalez was personally served on January 15, 2024. (ECF No. 30.)

On November 6, 2023, Plaintiff and Defendants Erika Vargas and Jorge Andres Yanez-Perez filed a stipulation to extend Defendant Erika Vargas and Jorge Andres Yanez-Perez' responsive deadlines to November 17, 2023, which the Court granted on November 16, 2023. (ECF Nos. 14-15.) Defendants Erika Vargas and Jorge Andres Yanez-Jorge did not file a response within the deadline. *See* Docket.

Default was entered against each Defendant. After all Defendants failed to appear or respond to the Complaint, Plaintiff filed requests for entry of default on January 4, 2024 (ECF Nos. 20-24), January 8, 2024 (ECF Nos. 25-26), and February 14, 2024 (ECF No. 32). The Clerk of the Court entered defaults on January 9, 2024 (ECF No. 27), January 12, 2024 (ECF Nos. 28-29), and February 15, 2024 (ECF No. 33).

On April 22, 2024, Plaintiff moved for default judgment against all Defendants and set the motion for a June 4, 2024 hearing before the undersigned. (ECF Nos. 9, 38.) Defendants did not respond to the motion for default judgment. *See* Docket. On May 10, 2024, the Court issued an order taking Plaintiff's motion under submission; vacating the hearing; ordering a written response from Defendants by June 18, 2024; and directing Plaintiff to serve Defendants with a copy of the order. (ECF No. 39.) In its May 10, 2024 Order, the Court warned Defendants that the failure to respond may result in the imposition of default judgment against them. *Id*. On May 31, 2024, Plaintiff filed proofs of service indicating Defendants Arsenio Nicolas Gonzalez, Jorge Andres Yanez-Perez, Hernan Pavonordaz, Gorsi Brothers Farm Labor Service, and Omer Daraz Gorsi had been personally served with the order. (ECF Nos. 42-46.) An unsuccessful attempt was made to personally serve Defendant Erika Vargas at her last known address. (ECF No. 47.) Defendants Nariner Kaur and Amrit Kaur Kooner's copies of the Court's May 10, 2024 order were physically left at their last known address. (ECF No. 48-49.) Defendant Amri Kaur Kooner was subsequently mailed a copy of the Court's May 10, 2024 order. (ECF No. 49 at 2.) No defendant responded to the motion. *See* Docket.

On May 21, 2024, Defendant Omer Daraz Gorsi filed a notice, through bankruptcy counsel, that he had filed a bankruptcy petition on December 20, 2023 in the U.S. Bankruptcy Court for the Eastern District of California (Case No. 2023-24574). (ECF No. 40.) On May 23, 2024, Plaintiff filed a status report stating Defendant Omer Daraz Gorsi's bankruptcy action was closed on April 21, 2024. (ECF No. 41 at 2.) Plaintiff further stated Defendant Omer Daraz Gorsi's bankruptcy "has no impact on the Court's ability to proceed with entering a default judgment" as to all Defendants because the declaratory relief sought in this action is an equitable remedy, and is not a dischargeable debt in bankruptcy that involves a right to the payment of money. *See id*. at 2-3 (citing *In re Aslan*, 65 B.R. 826, 830-31 (Bankr. C.D. Cal. 1986); *In re Irizarry*, 171 BR 874, 878-879 (B.A.P. 9th Cir. 1994) (equitable remedies of cancellation of grant deed, recovery of real property and cancellation of liens were not claims subject to discharge because

judgment granting such relief would not result in right to payment)). On June 19, 2024, Plaintiff filed a reply to its motion for default judgment requesting judgment be entered against Defendants. (ECF No. 50.)

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, this default does not automatically entitle the plaintiff to a judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citations omitted). The decision to grant or deny the entry of default judgment is within the district court's discretion. *NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016).

In determining whether to enter default judgment, courts consider the following factors:

1. the possibility of prejudice to the plaintiff;
2. the merits of the substantive claim(s);
3. the sufficiency of the complaint;
4. the amount of money at stake in the lawsuit;
5. whether there are any disputes of material fact;
6. whether the defendant's default was due to excusable neglect; and
7. the strong policy favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Ninth Circuit has long disfavored default judgments, counseling that cases be decided on the merits "whenever reasonably possible." *Id*. at 1472.

Once a default is entered, all well-pled allegations in the complaint regarding liability are deemed true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are

not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Necessary facts not contained in the pleadings and claims which are legally insufficient are not established by default. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Further, a plaintiff's allegations regarding damages are not deemed true at default, and the plaintiff bears the burden to prove damages with evidence. *See* Fed. R. Civ. P. 55(b)(2)(C); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

### III. DISCUSSION

Plaintiff moves for default judgment seeking entry of the following declaratory judgment:

> Penn-Star owes no duty to defend or indemnify Gorsi Brothers Farm Labor Service, Omer Daraz Gorsi and Hernan Pavonordaz as to claims brought by Erika Vargas, individually and as heir to Stephanie Marie Gonzalez, Arsenio Nicolas Gonzalez, as heir to Stephanie Marie Gonzalez, Jorge Andres Yanez-Perez, Amrit Kaur Kooner and Narinder Kaur in *Kooner, et. al. v. Gorsi, et. al.,* case number CVCS21-0001098 and *Vargas, et. al. v. Gorsi Brothers Farm Labors Service, et. al.*, case number CVCS21-0001080.

(ECF No. 35-2 at 2.) Plaintiff waives an award of litigation costs. (ECF No. 35 at 4.)

### A. Jurisdiction and Service

As a preliminary matter, a court considering whether to enter default judgment must first determine whether it has jurisdiction over both the subject matter and the parties to the case. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

The Court has subject matter jurisdiction over this action pursuant to diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff is a Pennsylvania corporation with its principal place of business located in Pennsylvania. Compl. ¶ 1. Defendant Gorsi Brothers Farm Labor Service is a California corporation with its principal place of business in California. *Id.* ¶ 2. Defendants Omer Daraz Gorsi, Hernan Pavonordaz, Erika Vargas, Arsenio Nicolas Gonzalez, Jorge Andres Yanez-Perez, Amrit Kaur Kooner, and Narinder Kaur are residents of California. *Id.* ¶¶ 3-9. The amount in controversy, exclusive of interest

and costs, exceeds $75,000. *Id*. ¶ 10.

In addition, the Court has personal jurisdiction over Defendant Gorsi Brothers Farm Labor Service, which is a California corporation. *See AM Tr. v. UBS AG*, 681 F. App'x 587, 588 (9th Cir. 2017) ("a corporation is typically subject to general personal jurisdiction only in a forum where it is incorporated or where it maintains its principal place of business") (citations omitted). The Court also has personal jurisdiction over Defendants Omer Daraz Gorsi, Hernan Pavonordaz, Erika Vargas, Arsenio Nicolas Gonzalez, Jorge Andres Yanez-Perez, Amrit Kaur Kooner, and Narinder Kaur, who are California residents.

The Court also finds service was proper under Federal Rules of Civil Procedure 4(h)(1)(B). Under California law, a corporation may be served by delivering a summons and complaint to certain individuals, including the person designated as agent for service of process. Cal. Civ. Proc. § 416.10(a)-(b). Here, Defendant Omer Daraz Gorsi, Defendant Gorsi Brothers Farm Labor Service's designated agent for service of process, was personally served on September 19, 2023. (ECF No. 8.) Individual Defendants Omer Daraz Gorsi, Hernan Pavonordaz, Erika Vargas, Arsenio Nicolas Gonzalez, Jorge Andres Yanez-Perez, Amrit Kaur Kooner, and Narinder Kaur were personally served on September 19, 2023 (ECF Nos. 7, 9-12), October 25, 2023 (ECF No. 13), and January 15, 2024 (ECF No. 30).

**B.**     ***Eitel* Factors**

For the following reasons, the Court finds that the *Eitel* factors weigh in favor of granting default judgment against Defendants.

       1.     <u>Factor One: The Possibility of Prejudice to the Plaintiff</u>

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment were not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. *See PepsiCo,* 238 F. Supp. 2d at 1177. Here, the Clerk of the Court entered default against Defendants on January 9, 2024 (ECF No. 27), January 12, 2024 (ECF Nos. 28-29), and February 15, 2024 (ECF No. 33). No defendant has

responded to the Complaint or to the motion for default judgment despite being served with the Summons, Complaint, and the Court's May 10, 2024 order. *See* Docket. Except for Defendant Omer Daraz Gorsi, who made an appearance to inform the Court regarding his bankruptcy, the defendants have not participated in the litigation. *See* Docket. Though Plaintiff did not serve its motion on any defendant,[2] Plaintiff served the Court's May 10, 2024 Order, which specifically ordered a written response from Defendants to Plaintiff's motion and warned Defendants that the failure to respond may result in the imposition of default judgment against them. Plaintiff would suffer prejudice if the Court did not enter a default judgment because the determination of its rights would remain unresolved. Accordingly, the first *Eitel* factor favors the entry of default judgment.

    2.  Factors Two and Three: The Merits of the Claims and the Sufficiency of the Complaint

  The merits of Plaintiff's substantive claims and the sufficiency of the Complaint are considered together due to the relatedness of the two inquiries. The Court must consider whether the allegations in the Complaint are sufficient to state a claim that supports the relief sought. *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. Here, the merits of the claims and the sufficiency of the Complaint favor entry of default judgment.

  Plaintiff brings two causes of action for declaratory relief. Compl. ¶¶ 20-35. The Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations" of parties to a "case of actual controversy." 28 U.S.C. § 2201; *Spokane Indian Tribe v. United States*, 972 F.2d 1090, 1091 (9th Cir. 1992). It is within the court's discretion to determine whether to entertain an action for declaratory relief; the Declaratory Judgment Act "gave the federal courts competence to make a declaration of

---

[2] Because the record was unclear as to whether Plaintiff served its motion for default judgment on any defendant, the Court required Plaintiff to either file its proofs of service of the motion or provide a status report if the motion was not served. (ECF Nos. 51, 52.) Plaintiff confirmed that it did not serve its motion on any defendant. (ECF No. 53.)

rights; it did not impose a duty to do so." *Public Affairs Assoc. v. Rickover*, 369 U.S. 111, 112 (1962); *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998). A declaratory relief claim operates "prospectively," not to merely redress past wrongs. *Britz Fertilizers, Inc. v. Bayer Corp.*, 665 F. Supp. 2d 1142, 1173 (E.D. Cal. 2009).

The Ninth Circuit has held that "[d]eclaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Eureka Fed. Sav. & Loan Assoc. v. American Cas. Co.*, 873 F.2d 229, 231 (9th Cir. 1989). To determine whether declaratory relief is appropriate, the court must determine whether there is a "substantial controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Here, there is an active controversy regarding Plaintiff's obligation to defend and indemnify Defendants with respect to the consolidated *Vargas* state action, and declaratory relief will serve a useful purpose and resolve the uncertainty of Plaintiff's obligations.

The Court has also considered whether it should entertain this action for declaratory relief when there is a related state proceeding—the consolidated *Vargas* state action. No defendant has responded to the Complaint for declaratory relief despite having been served with the Complaint more than a year ago, and no defendant has responded to the default judgment motion though they were served with the Court's May 10, 2024 Order requiring a response to the motion over eight months ago. As a result, the Court concludes that exercising its discretion to entertain this action for declaratory relief will not interfere with the consolidated *Vargas* state action. The Court therefore finds it appropriate to entertain the claims for declaratory relief.

Where a declaratory judgment action is based on diversity jurisdiction, California law controls. *St. Paul Mercury Inc. Co. v. Ralee Eng'g Co.*, 804 F.2d 520, 522 (9th Cir. 1986). California and federal courts have held that declaratory relief is appropriate to

negate an insurer's duty to defend. *See Essex Ins. Co. v. Yi*, 795 F. Supp. 319, 322 (N.D. Cal. 1992) (collecting cases). "The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal.4th 1076, 1081 (1993). Clear and express contractual language controls; a provision is deemed ambiguous "only if it is susceptible to two or more reasonable constructions despite the plain meaning of its terms within the context of the policy as a whole." *Sony Computer Entm't Am. Inc. v. Am. Home Assurance Co.*, 532 F.3d 1007, 1012 (9th Cir. 2008) (internal quotation marks and citations omitted).

      Here, Plaintiff has sufficiently pled an alleged controversy as to whether the policy issued to Defendant Gorsi Brothers Farm Labor Service applies to the facts in the underlying consolidated state action in *Vargas*. In relevant part, the policy's express language limits coverage from claims involving "bodily injury" or "property damage arising out of the ownership, maintenance or use by any person or entrustment to others, of any… 'auto'" and that these limits also apply to claims "even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the 'occurrence which caused the 'bodily injury' or 'property damage' involved an…auto[.]" Compl. ¶¶ 15-16. Plaintiff has also alleged the underlying consolidated state action involves an auto accident involving Defendant Omer Daraz Gorsi during the scope of his employment with Defendant Gorsi Brothers Farm Labor Service and Hernan Pavonordaz. Compl. ¶ 13. Because the policy's plain language limits coverage for claims concerning auto accidents, declaratory relief is appropriate to negate Plaintiff's duty to defend or indemnify the insured parties in the underlying consolidated state court action. Significantly, a similar auto exclusion policy of Plaintiff's has been upheld by the Ninth Circuit in an auto collision action. *See Penn-Star Ins. Co. v. Zenith Ins. Co.*, 2022 WL 17974449, at *2 (9th Cir. Dec. 28, 2022) (holding auto collision between car and tractor arose out of use of the car, which fell within Penn-Star's auto exclusion and was "conspicuously, plainly, and clearly outside

Penn-Star's coverage.") The Court therefore finds the second and third *Eitel* factors favor the entry of default judgment.

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of Defendants' conduct. *PepsiCo,* 238 F. Supp. 2d at 1176. Here, Plaintiff seeks declaratory relief only. No money damages are sought. Accordingly, the fourth *Eitel* factor is neutral as to the entry of default judgment. *See Safeco Ins. Co. of Am. v. Chandler*, 2021 WL 4798651, at *4 (C.D. Cal. July 9, 2021) (holding the fourth *Eitel* factor was neutral because plaintiff did not seek any monetary relief).

### 4. Factor Five: The Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and Plaintiff has provided the Court with well-pleaded allegations and documentation supporting its claims. The court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default, and thus, there is no likelihood that any genuine issue of material fact exists. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003); *PepsiCo*, 238 F. Supp. 2d at 1177. Accordingly, the fifth *Eitel* factor favors the entry of default judgment.

### 5. Factor Six: Whether Default was Due to Excusable Neglect

Upon review of the record before the Court, there is no indication that the default was the result of excusable neglect. *See PepsiCo*, 238 F. Supp. 2d at 1177. Plaintiffs served all Defendants with the summons and the Complaint over a year ago. (ECF Nos. 7-13, 30.) Plaintiff also served Defendants with the Court's May 10, 2024 order, which ordered a written response to the default judgment motion and warned Defendants that the failure to respond may result in the imposition of default judgment against them. (ECF Nos. 42-49.) Despite ample notice of this lawsuit and Plaintiff's intention to seek a

default judgment, Defendants have failed to participate in this action or to defend themselves. Accordingly, the sixth *Eitel* factor favors granting default judgment.

6. <u>Factor Seven: The Strong Policy Favoring Decisions on the Merits</u>

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Although the Court is cognizant that this factor weighs against granting default judgment, the policy favoring decisions on the merits does not, by itself, preclude the entry of default judgment where a defendant fails to appear or defend itself in an action. *See PepsiCo,* 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).

7. <u>Conclusion</u>

Upon consideration of the *Eitel* factors, the Court concludes that Plaintiff is entitled to the entry of default judgment against Defendants. The Court next determines the terms of judgment.

**C.   Terms of Judgment**

Plaintiff seeks declaratory relief only. (ECF No. 35 at 8.) The Court determines declaratory relief is appropriate.

**IV.   CONCLUSION**

For the reasons set forth above, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 35) be GRANTED;
2. The Court issue a finding that Penn-Star owes no duty to defend or indemnify Gorsi Brothers Farm Labor Service, Omer Daraz Gorsi and Hernan Pavonordaz as to claims brought by Erika Vargas, individually and as heir to Stephanie Marie Gonzalez, Arsenio Nicolas Gonzalez, as heir to Stephanie Marie Gonzalez, Jorge Andres Yanez-Perez, Amrit Kaur Kooner and Narinder Kaur in Sutter County Superior Court cases: *Kooner, et. al. v. Gorsi, et. al.*, case number CVCS21-0001098 and *Vargas, et. al. v. Gorsi Brothers Farm Labors Service, et. al.*, case number CVCS21-0001080; and
3. The Clerk of the Court close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: February 13, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, penn1663.23